CERTIFIED TRUE COPY

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| LIBERTY INTERNATIONAL, INC., a Wyoming corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>VENICOM, INC.; ROBERT GOBLE, and Does 1-90, inclusive,<br><br>            Defendants | Case No.: 10C 22985<br><br>**COMPLAINT FOR DAMAGES**<br><br>Jury Trial: Yes<br><br>Mandatory Arbitration: No<br><br>Amount: Exceeds $2,000,000 |

COMES NOW Plaintiff Liberty International, Inc. ("Plaintiff") complains and alleges as follows:

1.

Plaintiff certifies that the following allegations are based on reasonable knowledge, information and belief, formed after the making of such inquiry as is reasonable under the circumstances. Further, Plaintiff reasonably believes that the following allegations or other factual assertions contained herein will be supported by evidence after further investigation and discovery.

/////

Page 1 – COMPLAINT

MILLS JACOBSON HALLIDAY, PC
*Attorneys at Law*
715 Commercial Street NE, Salem, Oregon 97301
(503) 588-0556  fax (503) 588-0948

2.

At all times herein mentioned, Plaintiff was and now is a Wyoming Corporation, conducting business in the State of Oregon.

3.

The agreements, acts and/or omissions, matters and things hereinafter alleged were made, done and/or took place in the County of Marion, Oregon. The above Court is the proper Court for the trial of this action.

4.

The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants, DOES 1 through 90, inclusive, are unknown to Plaintiff, who therefore sues these defendants by their fictitious names. Plaintiff is informed and believes, and based upon this information and belief alleges, that each of the Defendants designated herein as a fictitiously named Defendant is in some manner responsible for the events and happenings herein referred to, either contractually or tortuously, and caused the damage to Plaintiff as herein alleged. When Plaintiff ascertains the true names and capacities of DOES 1 through 90, inclusive, it will ask leave of this Court to amend its Complaint by setting forth the same.

5.

Plaintiff is informed and believes and thereon alleges that defendant Robert Goble ("Goble"), at all times herein mentioned, is an individual residing in Scottsdale, Arizona and doing business as Venicom, Inc., an Arizona corporation.

/////

Page 2 -- COMPLAINT

MILLS JACOBSON HALLIDAY, PC
*Attorneys at Law*
715 Commercial Street NE, Salem, Oregon 97301
(503) 588-0556  fax (503) 588-0948

6.

Plaintiff is informed and believes, and based upon this information and belief alleges, that at all times herein mentioned, each of the Defendants was and is the agent, servant and employee of each of the other Defendants, and all of the things alleged to have been done by each Defendant were done in the capacity of and as agent of the other Defendants.

7.

Plaintiff is informed and believes, and based upon this information and belief alleges, that at all times herein mentioned, each of the Defendants were members of, and engaged in, a joint venture, agency, community, or common enterprise, and were acting within the course, scope and furtherance of such joint venture, agency or common enterprise.

8.

Plaintiff is informed and believes, and thereon alleges, that there exists, and at all times mentioned there did exist, a unity of interest and ownership between Defendant Venicom, Inc. and Defendant Robert Goble such that any individuality, identity, or separateness between them has ceased to exist and that each is the alter ego of the other, and there would be an inequitable result if the acts alleged in this complaint were treated as those of the corporate Defendant alone. Plaintiff is informed and believes, and thereon alleges, that Defendant Goble dominated the affairs of Defendant, Venicom, Inc. and that it was a mere shell and a sham and provides only the naked framework for the financial manipulations of Defendant Goble, that the income of Defendant, Venicom, Inc. was diverted to the use and benefit of the Defendant Goble, that Defendant, Venicom, Inc. was inadequately capitalized, that Defendants, Venicom, Inc. and Goble commingled assets and liabilities, that Defendant,

Page 3 – COMPLAINT

Venicom, Inc. and Defendant Goble failed to abide by the formalities of corporate existence, that Goble operated Defendant Venicom, Inc. without regard to the purported separateness of the corporate entity, and the adherence to the fiction of a separate existence of Defendant Venicom, Inc. as an entity distinct from Goble would permit an abuse of privileges, result in fraud and promote injustice.

### GENERAL ALLEGATIONS

9.

On or about March 24, 2010, Plaintiff and Defendant entered into an Agreement (the "Contract"), whereby Defendant promised to deliver cellular communications equipment to plaintiff, in exchange for plaintiff's promise to tender the sum of $140,250.00 to defendants. Said agreement was memorialized between the parties in the form of various e-mail exchanges.

10.

Plaintiff, in detrimental reliance upon the promises and assurances of the defendants, and each of them, tendered the sum of $140,250.00 to Defendants, and each of them on or about March 24, 2010.

11.

Defendants, and each of them, breached the subject agreement by failing to deliver the subject cellular communications equipment to plaintiff, despite plaintiff's tender of $140,250.00.

12.

Despite numerous requests by plaintiff to defendants, and each of them, to either deliver the cellular communications equipments purchased by plaintiff or return the sum of

Page 4 – COMPLAINT

MILLS JACOBSON HALLIDAY, PC
*Attorneys at Law*
715 Commercial Street NE, Salem, Oregon 97301
(503) 588-0556   fax (503) 588-0948

$140,250.00 to plaintiff, Defendants, and each of them have wrongfully and fraudulently withheld these funds and have diverted said proceeds due to Plaintiffs under the Contract to third parties.

**FOR ITS FIRST CAUSE OF ACTION (Breach of Contract) against all Defendants, Plaintiff alleges as follows:**

13.

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 12, inclusive, of its Complaint, and incorporates them herein by reference as though set forth in full herein.

14.

Plaintiff has performed all the promises, conditions and covenants it agreed to perform, except for those promises, conditions and covenants excused by the acts and omissions of Defendants.

15.

No part of said sums has been paid, although payment has been demanded, and there is now due, owing and unpaid to Plaintiff the sum of not less than $140,250.00 plus interest at the legal rate until paid in full, all according to proof.

**FOR ITS SECOND CAUSE OF ACTION (Money Had and Received), against all Defendants, Plaintiff alleges as follows:**

16.

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 24 and Paragraphs 25 through 27, inclusive, of its Complaint and incorporates them herein as though set forth in full herein.

Page 5 – COMPLAINT

MILLS JACOBSON HALLIDAY, PC
*Attorneys at Law*
715 Commercial Street NE, Salem, Oregon 97301
(503) 588-0556  fax (503) 588-0948

17.

Within the last four years, Defendants became indebted to Plaintiff in the sum of at least $140,250 for money had and received by said Defendants for the use and benefit of Plaintiff.

18.

No part of said sum has been paid, although payment has been demanded, and there is now due, owing and unpaid to Plaintiff the sum of at least $140,250.00, plus interest at the legal rate until paid in full, all according to proof.

**FOR ITS THIRD CAUSE OF ACTION (Account Stated) against all Defendants Plaintiff alleges as follows:**

19.

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 24, Paragraphs 26 through 27 and Paragraphs 29 through 30, inclusive, of its Complaint and incorporates them herein as though set forth in full.

20.

Within the last four years, an account was stated between Defendants and Plaintiff in the sum of at least $140,250.00.

21.

No part of said sum has been paid, although payment has been demanded, and there is now due, owing and unpaid to Plaintiff the sum of at least $140,250.00, plus interest at the legal rate until paid in full, all according to proof.

Page 6 – COMPLAINT

MILLS JACOBSON HALLIDAY, PC
*Attorneys at Law*
715 Commercial Street NE, Salem, Oregon 97301
(503) 588-0556  fax (503) 588-0948

**FOR ITS FOURTH CAUSE OF ACTION (Fraud) against all Defendants,
Plaintiff prays as follows:**

22.

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 24, Paragraphs 26 through 27, Paragraphs 29 through 30 and Paragraphs 32 through 33, inclusive, of its Complaint and incorporates them herein as though set forth in full

23.

Beginning in or about January 2010 through March 2010, Defendants misrepresented to Plaintiff that, if Plaintiff performed each of its duties under the Contract, Defendants would perform all of their duties under the Contract and would not, directly or indirectly place plaintiff in a position of difficulty by plaintiff not having cellular communication equipment to provide to plaintiff's customers who purchased said equipment directly from plaintiff.

24.

At the time such statements and misrepresentations were made, Defendants had full knowledge of the falsity and deceptiveness of their statements or conduct.

25.

The true facts were that at all times Defendants, and each of them intended to keep plaintiff's money and refuse to tender the cellular communication equipment that plaintiff had purchased from defendants, and each of them.

26.

Plaintiff is informed and believes that at the time said Defendants made these misrepresentations; they had no intention of performing the acts required by them, and, in

Page 7 – COMPLAINT

MILLS JACOBSON HALLIDAY, PC
*Attorneys at Law*
715 Commercial Street NE, Salem, Oregon 97301
(503) 588-0556   fax (503) 588-0948

fact, intended to, among other things divert the proceeds of the Contract, accounts and customers of Plaintiff for their own personal benefit.

27.

Therefore, Defendants, and each of them, acted with the intention to deceive Plaintiff and Plaintiff justifiably relied upon such misrepresentations.

28.

As a direct and proximate result of reliance upon the acts and conduct of Defendants, Plaintiff has been damaged in the sum of at least $1,000,000, and continues to suffer damages on a daily basis, or in an amount to be determined according to proof at the trial thereon.

29.

The conduct of said Defendants, and each of them, was intended by Defendants to cause injury to Plaintiff and was carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff. In addition, Plaintiff is informed and believes and based upon such information and belief alleges that Defendants engaged in intentional misrepresentations, deceit to conceal material facts known by them with the intention of depriving Plaintiff of its rights or otherwise cause injury to Plaintiff, such as to constitute malice, oppression or fraud, entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants according to proof at trial.

/////

/////

/////

Page 8 – COMPLAINT

**FOR ITS FIFTH CAUSE OF ACTION (Conversion) against all Defendants, Plaintiff alleges as follows:**

30.

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 24, Paragraphs 26 through 27, Paragraphs 29 through 30, Paragraphs 32 through 33, Paragraphs 34 through 42, of its Complaint, and incorporates them herein by reference as though set forth in full.

31.

Plaintiff is informed and believes, and based thereon alleges, that Defendants, wrongfully sold or otherwise converted the property, goods, and/or assets of Plaintiff including, but not limited to, accounts, customers and proceeds under the Contract to their own use. Said Defendants have repeatedly failed and refused to provide an accurate accounting or the value of said property, goods, and/or assets, and continue to unlawfully exercise dominion and control over those property, goods, and/or assets, or their proceeds, without Plaintiff's consent and in reckless disregard of sound business practices and Plaintiff's rights in those properties, goods, and/or assets.

32.

Plaintiff is entitled to recover from said Defendants the value of Plaintiff's property, goods, and/or assets at the time of conversion, plus interest from the date of conversion, or an amount sufficient to indemnify Plaintiff for all loss naturally, reasonably and proximately resulting from the conversion, plus compensation for the time and money expended by

/////

MILLS JACOBSON HALLIDAY, PC
*Attorneys at Law*
715 Commercial Street NE, Salem, Oregon 97301
(503) 588-0556   fax (503) 588-0948

Plaintiff in pursuit of the property. goods, and/or assets, all according to proof at the time of trial or judgment.

33.

The conduct of said Defendants, and each of them, was intended by Defendants to cause injury to Plaintiff and was carried on by said Defendants with a willful and conscious disregard of the rights of Plaintiff in said property, goods, and/or assets. In addition, Plaintiff is informed and believes and based upon such information and belief alleges that Defendants engaged in intentional misrepresentations, deceit to conceal material facts known by them with the intention of depriving Plaintiff of the property, goods, and/or assets or otherwise cause injury to Plaintiff, such as to constitute malice, oppression or fraud, entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of said Defendants according to proof at trial.

**FOR ITS SIXTH CAUSE OF ACTION (Constructive Trust) against all Defendants, Plaintiff alleges as follows:**

34.

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 24, Paragraphs 26 through 27, Paragraphs 29 through 30, Paragraphs 32 through 33, Paragraphs 34 through 42, Paragraphs 43 through 46, , inclusive, of its Complaint and incorporates them herein as though set forth in full.

35.

As a direct and proximate result of Defendants' diversion from Plaintiff of the accounts, customers and proceeds of the Contract, Plaintiff is entitled to a constructive trust over any and

Page 10 – COMPLAINT

MILLS JACOBSON HALLIDAY, PC
*Attorneys at Law*
715 Commercial Street NE, Salem, Oregon 97301
(503) 588-0556  fax (503) 588-0948

all wrongfully converted proceeds, including all revenues derived therefrom, held by said Defendants as constructive trustees for the benefit of Plaintiff.

### FOR ITS SEVENTH CAUSE OF ACTION (Piercing the Corporate Veil / Alter Ego) against Defendant Goble, Plaintiff alleges as follows:

36.

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 24, Paragraphs 26 through 27, Paragraphs 29 through 30, Paragraphs 32 through 33, Paragraphs 34 through 42, Paragraphs 43 through 46, Paragraphs 47 through 48, inclusive, of its Complaint and incorporates them herein as though set forth in full.

37.

Upon information and belief, Plaintiff alleges that Defendant Goble controlled defendant, Venicom, Inc. to the extent that he was the alter ego of this entity, particularly, among other things, defendant, Venicom, Inc. failed to maintain adequate company records, comply with company governance, failed to keep adequate books or financial records. Upon information and belief, during all relevant times Defendant Goble treated the assets of defendant, Venicom, Inc. as his own and used said funds for personal and business purposes separate from the operation of defendant Venicom, Inc. Upon information and belief, during all relevant times, Defendant Goble failed to provide or infuse capital into defendant Venicom, Inc. to allow for said Defendants to carry on their company duties, and to satisfy obligations created and incurred in the normal course of business.

/////

/////

Page 11 – COMPLAINT

38.

Upon information and belief, as a result of the foregoing, defendant Venicom, Inc. is the alter ego of Defendant Goble, and each, therefore, are liable jointly and severally for the claims and obligation to Plaintiff.

39.

It would be a fraud and promote injustice if Defendant Goble, individually, is allowed to have enjoyed the monetary benefits of the business operations of defendant Venicom, Inc., without providing for adequate capital and complying with other company duties.

**WHEREFORE**, Plaintiff prays for judgment against Defendant, as follows:

1.    On Plaintiff's First, Second and Third Causes of Action, judgment in favor of Plaintiff and against Defendant in the amount of at least $140,250, plus interest at the legal rate, all according to proof.

2.    On Plaintiff's Fourth and Fifth Causes of Action, judgment in favor of Plaintiff and against Defendant in the amount of not less than $2,000,000, to be determined at trial; for the return and possession of Plaintiff's assets and their proceeds to Plaintiff, or in the alternative, that the Defendants be required to pay the value thereof in an amount sufficient to satisfy the obligations sued upon herein.

3.    On Plaintiff's Fourth and Fifth Causes of Action, judgment in favor of Plaintiff and against Defendant for the value of Plaintiff's assets at the time of conversion, with interest at the legal rate from that time, or an amount sufficient to indemnify Plaintiff for all loss naturally, reasonably and proximately resulting from the conversion, plus compensation for the

Page 12 – COMPLAINT

MILLS JACOBSON HALLIDAY, PC
*Attorneys at Law*
715 Commercial Street NE, Salem, Oregon 97301
(503) 588-0556   fax (503) 588-0948

1  time and money expended by Plaintiff in pursuit of said assets, all according to proof at the

2  time of trial.

3      4.    For punitive damages to be determined at trial.

4      5.    On Plaintiff's Sixth Cause of Action, judgment in favor of Plaintiff and against

5

6  Defendant declaring that Defendants hold money in trust for Plaintiff, according to proof;  and

7  for all causes of action.

8      6.    For costs of suit incurred herein.

9      7.    For such other and further relief as the Court deems just and proper.

10  DATED: _____ 11/5/10 _____

11

12                        MILLS JACOBSON HALLIDAY, PC

13

14                        [ ] Michael Mills, OSB #72169

15                        [✓] David W. Jacobson, OSB #04323

                      [ ] Michael A. Halliday, OSB #04561

16                        [ ] Michael A. Shurtleff, OSB #095070

17                        Of Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28  Page 13 – COMPLAINT